## No. 11,137.

FIRST STATE BANK OF SULPHUR SPRINGS, ET AL.
*v.* BECKER, ET AL.

Decided December 7, 1925.   Rehearing denied January 11, 1926.

### Action in injunction.   Judgment of dismissal.

*Affirmed in Part.*

*Reversed in Part.*

1. INJUNCTION—*Dismissal—Emergency.*  In an injunction case, when it is determined on demurrer that the complaint does not state a cause of action, in legal effect it is a determination that an emergency did not exist when the temporary writ was granted without notice.

2.    *Temporary Writ—Bond.*  Conditions of a bond given on the issuance of a temporary writ of injunction reviewed, and held to be an emergency bond, notwithstanding it contained additional unnecessary conditions.

3.   WORDS AND PHRASES—*"Emergency"* defined.

4.   INJUNCTION—*Dismissal—Bond.*  In an injunction case, judgment of the trial court in dismissing the action affirmed; order denying judgment on the emergency bond reversed.

*Error to the District Court of Grand County, Hon. Charles E. Herrick, Judge.*

Mr. RALPH W. MCCRILLIS, Mr. HUGH GILMORE, for plaintiffs in error.

Mr. GEORGE B. CAMPBELL, for defendants in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendants in error, as plaintiffs below, brought this

action to restrain the defendants below, plaintiffs in error here, the Bank of Sulphur Springs and the sheriff of the county, the latter a nominal defendant only, from proceeding further with an advertised sale of chattels which the defendant bank through the sheriff proposed to make by virtue of an execution on a judgment recovered by the bank against the owner of seized chattels to which defendants in error claimed a prior right as mortgagees of the judgment debtor. In aid of their action the plaintiffs, without notice to defendants, applied in the district court for, and were granted, a temporary restraining order or temporary injunction on condition that plaintiffs give the required bond in the sum of $1,000 to be approved by the clerk, which writ they caused to be served upon the defendants in the action, whereby the latter were prevented from enforcing or completing the threatened sale. The order for the restraining writ which was signed by the judge, was prepared by counsel for the plaintiffs, the judge, as the statute requires, fixing the amount of the emergency bond to be given under section 164 of the Code. The required bond was prepared and presented by the attorneys for the plaintiffs to the clerk of the court, which received the approval of the latter, who thereupon issued the writ under the seal of the court. After it was served upon defendants and the sale thereby stopped, the defendant bank and the sheriff appeared in the action and filed a motion to dissolve the restraining order and for judgment on the emergency bond, at the same time filing a general demurrer to the complaint. The court sustained this demurrer but overruled defendants' motion to dismiss the action or to enter judgment on the bond and gave the plaintiffs time within which to file an amended complaint, which they did, to which amended complaint defendants filed their motion to strike for the reason that the amended pleading in no wise cured the defects of the original complaint. Judgment was again asked for a dismissal of the action and for a judgment on the emergency bond against the plaintiffs and their sureties. The court granted the motion dismissing the ac-

tion but denied defendants' motion for judgment upon the bond solely upon the ground that the bond filed was not an emergency bond and declined to make any finding as to whether an emergency for the restraining order existed at the time it was granted.

It appears from the foregoing statement that the court, although it held that the complaint did not state a cause of action and for that reason dismissed the action, nevertheless refused summarily to enter a judgment upon the bond that was filed upon the ground that it was not an emergency bond. In *Cary v. Mine, etc., Co.*, 53 Colo. 556, 129 Pac. 230, a bond was filed which in substance and legal effect is not different from the bond in this case. In that action the trial court dismissed the complaint, held that no emergency existed when the writ was issued, but, as here, refused to enter judgment on the emergency bond. This ruling of the trial court denying judgment on the bond was reversed by this court.

When the district court in the instant case found that the complaint did not state a cause of action, in legal effect this was a determination that an emergency did not exist when the temporary writ was granted without notice. This restraining order, however, was issued by the clerk upon the explicit order of the district judge to do so. The bond that the plaintiffs were required to, and did, give, and which was tendered to and approved by the clerk secured the restraining order, service of which upon the defendants prevented the sale. It accomplished the very purpose which the plaintiffs had in view, namely, delay of the sale which was to the injury of the defendants. Our statute says that in such a case if the trial court finds that an emergency did not exist, or if the emergency existed and was brought about by the neglect or connivance of the plaintiff, it is the duty of the court to enter judgment upon the emergency bond against the obligors. The undertaking in the Cary case was, that the obligors jointly and severally agree and undertake to pay the sum of $500 to the defendant Cary in the event that it should be determined and adjudged by

the court upon the hearing of the application that the emergency did not exist or that the plaintiff created or connived thereat by his neglect or otherwise. The undertaking in the present case is, that the obligors "jointly and severally agree and undertake to pay the sum of one thousand dollars ($1,000) (and promise to the effect that in case said temporary restraining order or temporary injunction shall issue the said plaintiffs will pay to the defendant all costs and damages as shall be awarded against the complainants) in case the said temporary restraining order or temporary injunction shall be modified or dissolved in whole or in part, or if it shall be adjudged that such emergency did not exist or that the plaintiff created or connived at its creation by neglect or otherwise." The fact that the undertaking in the instant case contained the bracketed language in addition to that found in the bond in the Cary case is of no consequence. The bond in the present case bound the obligors to pay the sum of $1,000 if the temporary restraining order should be modified or dissolved in whole or in part, or if it appeared that an emergency did not exist, or, existing, was created or connived at by the plaintiffs. We might, therefore, ignore the bracketed words about the obligation to pay the obligees such costs and damages as should be awarded against the obligors, since there remains in the bond a distinct undertaking by the obligors that they will pay the amount of the bond to the obligees in the event above recited.

If, as the trial court adjudged, and rightly so, the amended complaint did not state a cause of action, this was because upon the face of that pleading the right of defendants to the property, seized under the execution and advertised for sale, was paramount to the right of the plaintiffs thereto under their chattel mortgage. Necessarily, therefore, and the trial court should have so determined, plaintiffs could not legally delay the sale. It is self-contradictory to say that an emergency existed that authorized the restraining order without notice to the defendants, which prevented the sale of property to which, as between the litigating

parties, the defendants had the superior right. One definition of an emergency is: "Some sudden or unexpected necessity requiring immediate or at least quick action." Another is: "An unforseen occurrence or combination of circumstances which calls for immediate action or remedy." This, of course, means lawful, not unlawful, action. It is a legally absurd statement for plaintiffs to make that any sort of action was required by, or any remedy was available to, them in this case justifying even a temporary restraining order against the defendants when the plaintiffs had no right, as against the defendants, to take any action whatever or to invoke any legal remedy to interfere with the defendants in their unquestioned paramount right to subject this property to their judgment. We think, therefore, that the trial court was wrong in saying that no emergency bond was filed. A bond was filed which secured for the plaintiffs the temporary restraining order asked for, the granting and service of which upon the defendants damaged them by delaying the threatened sale. It seems altogether clear that there could be no emergency if there was no cause of action. The court properly ruled that the amended complaint did not state a cause of action, and this, as already stated, is equivalent to a ruling either that no emergency existed or, if it did, plaintiffs created the same or connived at it. The judgment dismissing the action was right and it is affirmed. The order of the trial court denying judgment on the bond was wrong and is reversed and the cause remanded with instructions to the district court to set aside such denial order and to render judgment in favor of defendants on the emergency bond against the obligors in accordance with the provisions of the statute.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.